## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Oscar L. Hampton, III** | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **JULIE SU** | ) | **Civil Action No. 23-cv-3338(DLF)** |
| **ACTING SECRETARY OF LABOR,** | ) | |
| **U.S. DEPARTMENT OF LABOR** | ) | |
| *Defendant* | ) | |
| _____ | | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF THE AMENDED COMPLAINT

Plaintiff, Oscar L. Hampton, III, by and through undersigned counsel, hereby submits Plaintiff's Opposition to Defendant's Motion for Partial Dismissal of the Amended Complaint. For the reasons stated herein, Defendant's Motion should be denied.

### I.    BACKGROUND

As alleged in the Amended Complaint, Plaintiff, Oscar L. Hampton, III, was the long serving and high performing Regional Solicitor for the Defendant, the U.S. Department of Labor (DOL), whose accomplishments include winning the highest jury verdict in DOL's history in May 2023, and recovering more for America's workers than all the other DOL regions combined in the past two years alone. *See, e.g.* Am. Compl. ¶ 1. As pled, Plaintiff's excellent performance was not enough to protect him from discrimination, especially under his new manager. *See, e.g.,* Am. Compl. ¶ 2-7. As pled, Defendant ratified racist complaints about Plaintiff, such as referring to the Black managers who worked under Plaintiff as Plaintiff's "flying monkeys," ¶6, 53, and complaints invoking the racist stereotype that Plaintiff was a big, scary, Black man, ¶ 55, and

that these biased complaints were used as pretext to discriminate against Plaintiff, including launching investigations into him, and removing him from his position. *See, e.g.* Am. Compl. ₱ at 124, 130. As pled, numerous employees came forward to testify about the discrimination they had observed against Plaintiff and other attorneys of color, yet Defendant ignored this evidence and continued the discrimination and/or retaliation against Plaintiff. *See, e.g.* ₱ 80, 85-91, 92-94, 101.

On June 10, 20244, Defendant filed a Motion for Partial Dismissal of the Amended Complaint ("Motion" or "MTD") (ECF 13). Defendant argued that the Court should dismiss Plaintiff's claims for sex discrimination on the grounds that they were not sufficiently pled under Rule 12(b)(6), *see* MTD at 6-7; and that the Court should dismiss Plaintiff's claims for discrimination based on color for having not been administratively exhausted. *See* MTD at 7-9. Defendant further asked the Court to dismiss claims for a hostile work environment, even though Plaintiff had not pled any hostile work environment claims. *See* MTD at 9-12. Defendant further asked this Court to dismiss Plaintiff's claims for discrimination in his 2022 compensation because he did not allege "nearly identical" comparators, MTD at 13, a pleading standard that does not apply under  Rule 12(b)(6). As detailed herein, Defendant's Motion should be denied.

## II.    ARGUMENT

### a.  Standard of Review

Fed. R. Civ. P. 12(b)(6) permits a defendant to move to dismiss the complaint "for failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a complaint need only contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although plausibility requires "more than a sheer possibility that a defendant has acted unlawfully," it is not a "probability requirement." *Id.* at 678. In evaluating a motion to dismiss, the Court "must treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted). The "guiding lodestar is whether, assuming the truth of the factual allegations, the inferences of discrimination drawn by the plaintiff are reasonable and plausibly supported." *Montgomery v. McDonough*, 682 F. Supp. 3d 1, 10 (D.D.C. 2023), *citing Lawson v. Sessions*, 271 F. Supp. 3d 119, 134 (D.D.C. 2017).

Rule 12(b)(6)'s pleading standard is "not meant to impose a great burden upon a plaintiff," *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005), and a claim crosses from conceivable to plausible so long as there is a "'reasonably founded hope that the [discovery] process will reveal relevant evidence'" to support it. *Twombly*, 550 U.S. at 563 n.8 (2007) (quoting *Dura Pharm.*, 544 U.S. at 347). The *Twombly* Court stated that a well-pleaded complaint should be allowed to proceed "even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, "that "'recovery is very remote and unlikely'" or the veracity of the claims are "doubtful in fact," so long as the factual matter alleged in the complaint is "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). A complaint survives a motion to dismiss even "if there are two alternative explanations, one advanced by [the] defendant and the other advanced by [the] plaintiff, both of which are plausible." *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (internal

quotations omitted). "It is inevitable that the defendant's version will sometimes prove to be the true one, but that does not relieve defendants of their obligation to respond to a complaint that states a plausible claim for relief, and to participate in discovery." *Id*. Ultimately, "[d]etermining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

As the Supreme Court stated unequivocally, "the Federal Rules [of Civil Procedure] do not contain a heightened pleading standard for employment discrimination suits." *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 515 (2002), and that "[a] requirement of greater specificity for particular claims is a result that 'must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.'" *Id.* This includes that an employment discrimination plaintiff need not plead a prima facie case of discrimination," *id.,* because a "prima facie case under McDonnell Douglas" is "an evidentiary standard, not a pleading requirement." *Id.* at 510. Accordingly, this Court has held that "[a]t t the motion to dismiss stage, however, an employment discrimination plaintiff need not anticipate legitimate, non-discriminatory reasons that may be proffered by the employer for the adverse employment action nor allege pretext to survive a motion to dismiss." *Townsend v. United States*, 236 F. Supp. 3d 280, 298 (D.D.C. 2017), *citing Jones v. Air Line Pilots Ass'n, Intern*, 642 F.3d 1100, 1104, 395 U.S. App. D.C. 279 (D.C. Cir. 2011) (noting that in discrimination suit, a "plaintiff is not required to plead every fact necessary to establish a *prima facie* case to survive a motion to dismiss"); *Gordon v. U.S. Capitol Police*, 778 F.3d 158, 161-162, 414 U.S. App. D.C. 204 (D.C. Cir. 2015) (noting that a plaintiff "need not plead facts showing each of the[] elements [for a discrimination claim] in order to defeat a motion under Rule 12(b)(6).").

**b. Plaintiff has more than sufficiently pled a claim for discrimination based on sex.**

Contrary to Defendant's arguments, Plaintiff has more than sufficiently alleged a claim for discrimination based on sex to survive a Rule 12(b)(6) Motion, and does so even by the standards set forth in the very case Defendant relies upon.

Defendant asserts that "[a]lthough the Amended Complaint makes passing reference to Plaintiff's sex as a basis for his Title VII claims, *see* Am. Compl. ⁋⁋8, 120, Plaintiff does not provide any factual support showing that Plaintiff suffered any adverse employment action because he is male." *See* MTD at 7. Defendant goes on to assert that "[t]here are no  allegations of any individual referencing [Plaintiff's] sex or making any indirect comment  referring to his sex. Nor does the complaint contain any allegations suggesting [Plaintiff] was treated differently because of his sex. As a result, [Plaintiff] does not state any claim rooted in sex discrimination." MTD at 7, *citing Montgomery v. McDonough,* 682 F. Supp. 3d 1, 11 (D.D.C. 2023).

However, contrary to Defendant's assertions, Plaintiff's Amended Complaint more than meets the very pleading standards set forth in *Montgomery v. McDonough,* the very case that Defendant asks this Court to rely on. Defendant may be correct in its characterizations of ⁋⁋ 8, 120 of the Amended Complaint, which do purport to pled specific facts about sex discrimination.[1] However, Defendant is wholly incorrect in stating that there are no such facts pled in the Amended Complaint, as the Amended Complaint does in fact contain "allegations suggesting [Plaintiff] was treated differently because of his sex." *see* MTD at 7, *citing Montgomery* at 11. In addition, the Amended Complaint does in fact pled that there were

---

[1] It is unclear why Defendant cites only to these two paragraphs of the Amended Complaint. For example, Am. Compl. ⁋ 120 reads "Discrimination because of an employee's race and/or sex is unlawful under Title VII, 42 U.S.C. § 2000e-1 *et seq.*"

"individual referencing [Plaintiff's] sex or making any indirect comment referring to his sex," *see* MTD at 7, *citing Montgomery* at 11. Specifically, the Amended Complaint pleads:

> "Mr. Dean later complained that Mr. Hampton "just powers over people. Oscar [Hampton] is physically imposing and has one of the deepest and loudest voices," invoking the racist stereotype that Mr. Hampton was **a big, scary, Black man**."

Am. Compl. ₧ 55. (emphasis added).

*And*

> "For approximately the past four years Mr. Hampton was the **only Black man in a supervisory attorney role in all of SOL**. Upon information at belief, **at the present, due to Mr. Hampton's termination, there is not a single Black male supervisory attorney in all of SOL**."

Am. Compl. ₧39(c) (emphasis added).

In short, the Amended Complaint pleads facts both regarding how Defendant discriminates against Black attorneys in management positions, and particularly against Black men. Am. Compl. ₧ 39(c). Moreover, the Amended Complaint explicitly pleads that Mr. Dean made a discriminatory stereotyping comment about Plaintiff that was "invoking the racist stereotype that Mr. Hampton was a big, scary, Black man." Am. Compl. ₧ 55. As pled in the Complaint, these discriminatory, stereotyping comments were used as a basis for the discriminatory actions Defendant took against Plaintiff. *See, e.g.* Am. Compl. ₧ 5-8; 52-60. Yet, despite these explicit allegations in ₧₧ 39, 50 of the Amended Complaint, Defendant argues that "[t]here are no allegations of any individual referencing [Plaintiff's] sex or making any indirect comment referring to his sex. Nor does the complaint contain any allegations suggesting [Plaintiff] was treated differently because of his sex." *See* MTD at 7. *Citing Montgomery.* These claims are plainly stated in the Amended Complaint, and accordingly cannot be dismissed under Rule 12(b)(6).

Should Defendant try and argue that these allegations in the Amended Complaint do not state a claim pursuant to Rule 12(b)(6), these arguments would fail. Plaintiff has more than

adequately pled that the comments about Plaintiff having an intimidating physique and/or voice give rise to a claim of sex discrimination. In fact, this Court has held that facts less explicitly tied to protected bases than those alleged by Plaintiff in ¶55 state a claim under 12(b)(6). For example, in *Newman v. Amazon.Com, Inc.,* the plaintiff, a Black woman, pled that a defendant "pulled her hair while it was in braids, saying she could 'leave it behind,' and from this the Plaintiff conclude[d] that this action indicates racial animus, as it references stereotypes about black women's hair." *See Newman v. Amazon.Com, Inc*., No. 21-cv-531 (DLF), 2022 U.S. Dist. LEXIS 60951, at *28 (D.D.C. Mar. 31, 2022) (Friedrich, J.). The defendant moved to dismiss this allegation under Fed. R. Civ. P. 12(b)(6), arguing that even if accepted as true, these facts did not on their face state a claim for race discrimination. However, this Court rejected this argument, holding that the plaintiff had stated a claim because the "Court can nevertheless plausibly infer that by commenting about "leav[ing] [her hair] behind," [the defendant] was referring to a weave and thus it is plausible that his comment related to race." *Id.* at *28-29 (Friedrich, J.). Similarly, here, Plaintiff's allegations that Mr. Dean's comments about his physically imposing physique and loud voice make him intimidating are discriminatory as they are "invoking the racist stereotype that Mr. Hampton was a big, scary, Black man," Am. Compl. ¶ 55.  The Motion should be denied.

c.  **Plaintiff has exhausted his administrative remedies for his claims of discrimination on the basis of color.**

Defendant argues that Plaintiff failed to exhaust his administrative remedies on the basis color because Plaintiff's administrative EEO charge does not explicitly state discrimination based on color, just "race ("Black)." However, Defendant is incorrect as a matter of law that Plaintiff has failed to administratively exhaust his claims for discrimination based on color under these circumstances.

Defendant and Plaintiff agree that when Plaintiff filed his administrative EEO charge he selected a basis of discrimination as "race (Black)," ECF 13-1 at 53, 60.[2]  However, contrary to Defendant's arguments, according to this Court, this on its face administratively exhausts a plaintiff's claims for discrimination on the basis of race *and* color. For example, in *Gordon v. Office of the Architect of the Capitol,* this Court stated that "this Court construes the plaintiff's claims regarding racial and color discrimination, this being a case in which the plaintiff is an African American alleging disparate treatment in regards to a Caucasian coworker, as identical claims," *id,* thus rejecting the defendant's claims that "the plaintiff did not allege color discrimination in her [EEO charge], and therefore, the Court lacks jurisdiction over this claim due to the plaintiff's failure to exhaust her administrative remedies." 750 F. Supp. 2d 82, 88 n.3 (D.D.C. 2010).

---

[2] Plaintiff notes that Defendant attached three exhibits (A-C), none of which are proper under Fed. R. Civ. P. 12(b)(6), most notably Exhibit A, which the Court should not consider and have stricken from the record. Defendant attached as Exh. A its "Final Agency Decision" a 48 page document which states the Defendant's internal conclusions on Plaintiff's EEO allegations. Exh. A is not referenced in the complaint, relied on by Plaintiff, nor is it germain to the question before the Court regarding what Plaintiff pled in his EEO charge. Defendant does not rely on Exh. A for any stated proposition other than directing the Court to "*See* Ex. A (October 2023 FAD) at 1 (identifying race, sex, and reprisal as the bases of the Plaintiff's first administrative charge)."  *See* MTD at 9. There is no basis for Defendant attaching this document. Accordingly, the Court should disregard Exh. A.

Defendant should have provided copies of Plaintiff's EEO charges, the documents this Court looks to in assessing claims of administrative exhaustion at the Rule 12(b)(6) stage. *See, e.g. Daughtry v. KMG Hauling, Inc.,* Civil Action No. 20-3361 (TJK), 2021 U.S. Dist. LEXIS 169606, (D.D.C. Sep. 8, 2021); *Park v. Howard Univ*., 315 U.S. App. D.C. 196, 71 F.3d 904, 907 (1995). However, Defendant attached Defendant's own documentation notifying Plaintiff about the claims Defendant was accepting for investigation, as Exh. B and Exh. C. As Plaintiff agrees that Plaintiff's EEO charges plead discrimination on the basis of "race (Black)," which is accurately documented in Exh. B and Exh. C, and this is the dispositive fact for the Court to consider, Plaintiff will not ask the Court to strike Exh. B or Exh. C.

Similarly, in *Daughtry v. KMG Hauling, Inc*., this Court held that a plaintiff has administratively exhausted claims for both race *and* color discrimination when the plaintiff's EEOC charge stated that her basis of discrimination was "race (black/African-American)." *See* Civil Action No. 20-3361 (TJK), 2021 U.S. Dist. LEXIS 169606, at *15 (D.D.C. Sep. 8, 2021). As this Court stated, "[b]ecause Daughtry referenced the word 'black,' and because skin color is so closely connected to the African-American race, a discrimination claim based on her color would naturally arise from the administrative investigation into her claim of racial discrimination." *Id. citing Lin v. Salazar,* 891 F. Supp. 2d 49, 55 (D.D.C. 2012) (applying same logic to Chinese national origin claim and race and skin color claim).

Defendant incorrectly argues that "color" discrimination claims are limited to those of a "particular hue" of the plaintiff's skin shade. *See* MTD at 9 ("To the extent that courts have analyzed claims of color discrimination separate from race-based claims, they have looked to whether the 'particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual.'"). However, this Court has rejected this argument, holding that "[c]olor discrimination is therefore not limited to differences in skin color within persons of the same race." *See Daughtry v. KMG Hauling*, Inc., Civil Action No. 20-3361 (TJK), 2021 U.S. Dist. LEXIS 169606, at *14 (D.D.C. Sep. 8, 2021), *citing Gordon v. Off. of the Architect of the Capitol*, 750 F. Supp. 2d 82, 88 n.3 (D.D.C. 2010) (an "an African American alleging disparate treatment in regards to a Caucasian coworker" has "identical claims" "regarding racial and color discrimination."). This is especially salient here when reading the Complaint as a whole, where Plaintiff pleads that according to witnesses, there is discrimination against attorneys "of color" who work for Defendant. *See, e.g.,* Am. Compl. ⁋ 80, 94, 101.

Accordingly, Defendant is incorrect that as a matter of law, Plaintiff's claims for discrimination based on color would be inherently tied to claims about discrimination based on the "particular hue" of his skin as a Black man. *See* MTD at 9. The Motion should be denied.

### d. Defendant has improperly asked the Court to dismiss a claim not pled by Plaintiff

Defendant asks the Court to dismiss a claim for a hostile work environment. However, Plaintiff has not pled a hostile work environment, *see* Amended Complaint, ECF 9, and there is therefore no claim for the Court to dismiss.

Defendant even acknowledges that Plaintiff has not pled a hostile work environment. *See* MTD at 9 ("To the extent Plaintiff seeks relief based on a hostile work environment theory…"). Nonetheless, Defendant asks the Court to dismiss this allegation which Plaintiff did not plead, both in the Partial Motion to Dismiss, *id.,* and in the Proposed Order. *See* ECF 13 at 19 ("it is further ORDERED that Plaintiff's hostile work environment claims are DISMISSED.").  Neither the Federal Rules of Civil Procedure nor the rules of this Court allow a defendant to seek to dismiss a claim *not pled by a plaintiff*, as Defendant asks the Court to do here. Nor does Defendant cite any basis for this novel request.

Defendant appears to argue that there is a hostile work environment claim pled in the Amended Complaint based on the fact that the Amended Complaint alleges that Plaintiff's use of the phrase "harassment" when making protected complaints about discrimination to management. However, Defendant does not cite to, nor can Defendant cite to, a part of the Amended Complaint where Plaintiff has brought a legal claim for a hostile work environment. As stated clearly in the Amended Complaint, Plaintiff has brought claims for discrimination and retaliation, all of which are spelled out in Count I & II. As Plaintiff has not plead a hostile work environment, the Court need not engage in Defendant's analysis about whether such claims

should be dismissed had they hypothetically been pled.[3]  In the event that Plaintiff pleads a hostile work environment at a later state in this civil action, Defendant would have the rights to make the appropriate motions and/or objections at that juncture, but until such there is simply no hostile work environment plead in the Amended Complaint, and therefore none for the Court to dismiss. The Court cannot and should not take up Defendant's invitation to use Rule 12(b)(6) to dismiss claims never pled. Defendant's Motion should be denied.

### e. Plaintiff has sufficiently pled claims for discrimination regarding his 2022 compensation.

Defendant argues that Plaintiff's claims of discrimination in his pay should be dismissed because Plaintiff has not adequately pled comparators. *See* MTD at 13. However, there is no such requirement for Plaintiff to plead comparators under Rule 12(b)(6), and Defendant's arguments are incorrect and contrary to established precedent.

Defendant argues that Plaintiff's pay discrimination claims should be dismissed under Rule 12(b)(6) because "Plaintiff does not allege that all aspects of his employment were "nearly identical" to these comparators, beyond identifying himself as a fellow regional solicitor." *See* MTD at 13. In support of this argument, Defendant relies on cases about requiring comparator evidence in entirely distinguishable procedural contexts. Defendant cites *Neuren v. Adduci, Mastriani, Meeks & Schill*, for the proposition that Plaintiff must allege that "all aspects of his employment were 'nearly identical' to these comparators."  *See* MTD at 13. However, *Neuren* is a case brought on appeal from a trial on evidentiary grounds, and therefore not applicable to

---

[3] None of this is to concede that Plaintiff could *not* have pled a hostile work environment, whether based on the facts, and/or his administrative exhaustion. These questions need not be addressed by either Plaintiff or the Court as Plaintiff had quite simply not plead a hostile work environment in this civil action.

pleadings at the Rule 12(b)(6) stage. *See Neuren,* 310 U.S. App. D.C. 82, 43 F.3d 1507 (1995).

Similarly, Defendant relies on *Burley v. Nat'l Passenger Rail Corp.,* to argue that Plaintiff has

not pled adequate comparators, *see* MTD at 133, yet, *Burley* is analyzing the district court's

decision on a Rule 56 Summary Judgement Motion, and *not* under Rule 12(b)(6). *See Burley,*

801 F.3d 290 (2015).

　　Defendant's arguments must fail. First, Defendant wrongly asks the Court to resolve

disputed material facts in a light most favorable to Defendant, namely by asking the Court to

disbelieve Plaintiff's portrayal of the facts as pled: that he was paid less than those that he

outperformed, and all for no legitimate non-discriminatory reasons. *See* Am. Compl. ¶ 97.

　　Second, a plaintiff is not required to produce evidence of a comparator at *any* stage of the

litigation to prove their claims of discrimination. Rather comparator evidence is just one means

of making a claim of discrimination. A plaintiff can make a claim of discrimination through

circumstantial evidence or direct evidence, although direct evidence is not required. *See, e.g.,*

*Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003). In fact, "a plaintiff's prima facie case,

combined with sufficient evidence to find that the employer's asserted justification is false, may

permit the trier of fact to conclude that the employer unlawfully discriminated." *See Reeves v.*

*Sanderson Plumbing Prods.*, 530 U.S. 133, 147 (2000). Examples of circumstantial evidence

include an employer's failure to follow its own policies, *see, e.g., Village of Arlington Heights v*

*Metropolitan Housing Dev Corp.,* 429 U.S. 252, 267 (1977) ("Departures from the normal

procedural sequence also might afford evidence that improper [discriminatory] purposes are

playing a role [in the disputed action]"), disciplining employees for matters which do not

constitute misconduct under the policies, *see, e.g., Desmond v. Mukasey,* 530 F.3d 944, 963

(D.C.Cir. 2008), or a punishment that is a "disingenuous overreaction" to the conduct at issue. *See, e.g., Kelley v. Correctional Medical Services, Inc.*, 707 F.3d 108, 118 (1st Cir. 2013).

As the Supreme Court stated, it would be "incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12, (2002). Yet, that is exactly what Defendant asks the Court to do here, and this argument should be rejected. Plaintiff has pled facts more than sufficient to survive Rule 12(b)(6), namely Plaintiff has pled that his pay was reduced, and this was not justified by his performance and/or any other legitimate non-discriminatory reason. Plaintiff need not prove this allegation via comparator evidence even at trial, much less at the Motion to Dismiss stage.

Third, a plaintiff *may* opt to use comparators to plead discrimination, however, if a plaintiff chooses to do so, the plaintiff is not subject to the heightened pleading requirements that Defendant urges this Court to adopt. As the Supreme Court made clear, evidentiary standards to prove a case are not pleading requirements at the Motion to Dismiss stage. *See Swierkiewicz v. Sorema N.A*, 534 U.S. 506, 510 (2002). This Court has rejected Defendant's arguments requiring such specified pleadings regarding comparators in those situations where a plaintiff chooses to use comparators to plead their case.  For example, this Court has been clear that at the Rule 12(b)(6) stage, a plaintiff "has alleged ample facts to raise a plausible inference of intentional discrimination and to survive a motion to dismiss" where he "has identified similarly situated employees who were not members of the same protected class and not subjected to the same adverse treatment." *See Dickerson v. District of Columbia*, 315 F. Supp. 3d 446, 454 (D.D.C. 2018). Similarly, this Court held that where a plaintiff has "identified a similarly-situated employee who is not in her protected class and explained why she has equivalent qualifications"

she has "pleaded enough facts that "raise [her] right to relief above the speculative level." *See Brown v. Sessoms*, 774 F.3d 1016, 1023 (D.C. Cir. 2014) *citing Twombly,* 550 U.S. at 555. Similarly, in *Owens v. Thompson*, this Court denied a Rule 12(b)(6) Motion where the plaintiff pled that an employee "who had the same job title" was given preferential treatment. *See* Civil Action No. 23-662 (TSC), 2024 U.S. Dist. LEXIS 55855, at *6 (D.D.C. Mar. 28, 2024). Here, Plaintiff has identified similarly situated employees who hold the same job title as him: his fellow Regional Solicitors. *See* Am. Compl. ⁋ 97. There is simply no basis for Defendant's argument that Plaintiff must allege that "all aspects of his employment were 'nearly identical' to these comparators, beyond identifying himself as a fellow regional solicitor." *See* MTD at 13. Any arguments Defendant wishes to raise about why these may not be proper comparators, (and/or other arguments to dispute that these actions were taken for discriminatory reasons), may be raised at later stages, such as summary judgment, trial, and/or appeal, but are not proper under Rule 12(b)(6). In fact, the *Owens* Court explicitly rejected Defendant's arguments that the fact that there are "cases requiring 'nearly identical' comparators at the summary judgment, trial, or post-trial stage do not alter the pleading standard on a motion to dismiss." *See Owens* at *7. The *Owens* Court further stated that "[r]equiring that level of specificity to establish similar situation would be inconsistent with what courts generally consider to be 'a very low bar for alleging an inference of discrimination.'" *Id. citing Azzam v. Dist. of Columbia*, No. 19-CV-3365 (TSC), 2022 U.S. Dist. LEXIS 164468, 2022 WL 4182187, at *6 (D.D.C. Sept. 13, 2022). Accordingly, Plaintiff has sufficiently pled that he was discriminated in his compensation, and the Motion should be denied.

III.    **Conclusion**

For the reasons stated herein, and based on the record as a whole, Defendant's Partial

Motion to Dismiss should be denied. A Proposed Order is attached.

Respectfully submitted,

JOSEPH, GREENWALD AND LAAKE, PA


  __**/S/ MICHAL SHINNAR**_____
  Michal Shinnar
  DC USDC No. MD0033
  *Senior Counsel*
  Joseph Greenwald & Laake, PA
  6404 Ivy Lane, Suite 400
  Greenbelt, MD 20770
  MShinnar@jgllaw.com
  Tel. 301.220.2200
  Fax. 301.220.1214
  *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June, 2024, the foregoing was uploaded onto the Court's ECF system, and thereby served on all parties of record.


    /S/ MICHAL SHINNAR     

Michal Shinnar