UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR L. HAMPTON, III,<br><br>    *Plaintiff*,<br><br>    v.<br><br>JULIE SU,<br><br>    *Defendant*. | No. 23-cv-03338 (DLF) |

**ORDER**

Oscar L. Hampton III, a black male, sues his former employer, the Department of Labor ("the Department"),[1] alleging discrimination on the basis of race and sex. Before the Court is the Department's partial Motion to Dismiss. Dkt. 13. For the reasons stated, the Court will grant in part and deny in part.

Hampton worked as a trial attorney for the Department of Labor for over 30 years, eventually being promoted to Regional Solicitor. Am. Compl. ¶ 16, Dkt. 9. Hampton alleges that during his time at the Department, he regularly witnessed discriminatory actions and hiring practices against black employees and applicants. *Id.* ¶ 39. Despite repeatedly reporting these issues, the Department allegedly did nothing. *Id.* ¶¶ 40, 50. Hampton alleges that Department higherups engaged in a "campaign" to get rid of him. *Id.* ¶ 51. Based on unsubstantiated and racist complaints, the Department initiated an investigation into whether Hampton created a toxic work

---

[1] Hampton brings his complaint against Julie Su, acting in her capacity as the Secretary of the Department of Labor. Because a suit against a government official in their official capacity is equivalent to a suit against the government entity, *McMillian v. Monroe Cnty.*, 520 U.S. 781, 785 n.2 (1997), the Court will refer to the defendant as the Department of Labor.

environment. *Id.* ¶¶ 57, 60, 75. During the investigation, employees testified in support of Hampton and about the racism he experienced. *Id.* ¶¶ 77–78. Despite this, the Department reduced his bonus in 2022, removed Hampton from his position, and eventually terminated him. *Id.* ¶¶ 97–98, 114. Hampton brought this case, alleging the Department engaged in race and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act. 42 § U.S.C. 2000e-1 *et seq.* The Department filed a motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's well-pleaded factual allegations are "entitled to [an] assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). And the Court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quotation marks omitted).

The Department argues for dismissal of three claims: (1) Hampton's sex-based discrimination claim for failure to plead sufficient facts; (2) his color-based discrimination claim for failure to exhaust; and (3) his wage-based discrimination claim for failure to plead sufficient facts.[2] The Court will address each in turn.

---

[2] The Department further argues that any hostile work environment should be dismissed for failure to state a claim, but the plaintiff represents that the amended complaint does not allege such a claim, see Opp'n at 2, 10–11. Accordingly, the Court denies as moot the portion of the Department's motion that seeks dismissal of any hostile work environment claim.

Hampton has failed to plead facts sufficient to support a sex-based discrimination claim. To support his sex-discrimination claim under Title VII, Hampton must allege (1) differential treatment (2) by an employer (3) because of his sex (4) as regards his "terms, conditions, or privileges of employment." *Chambers v. District of Columbia*, 35 F.4th 870, 874–85 (D.C. Cir. 2022). Although Hampton makes passing references to sex in his complaint, he alleges no facts sufficient to support an inference that he was treated differently because of his sex. Hampton can only muster two allegations to support his claim. First, he points to an instance where someone suggested he was a "big, scary, black man." Opp'n at 6, Dkt. 14; Am. Compl. ¶ 55. Second, he alleges there were no other black male supervisory attorneys in the office. Opp'n at 6, Am. Compl. ¶ 39. As an initial matter, Hampton's complaint alleges those as examples of race discrimination, not sex. Am. Compl. ¶ 39 (listing instances of discrimination against "Black attorneys"); *id*. ¶ 55 (discussing the comment as a "racist stereotype"); *see Adetoro v. King Abdullah Acad.*, 585 F. Supp. 3d 78, 83–84 (D.D.C. 2020) (dismissing race-discrimination claim when plaintiff's complaint focused on national origin and religion). But even if Hampton had framed these allegations as sex-based comments, they would still be insufficient. For one, Hampton's complaint contains multiple allegations that refer to other male managers. *Id*. ¶ 5–6; 95(b), (f). The absence of black male managers does not allow the reasonable inference that males were discriminated against. All that is left is one isolated comment that Hampton "just powers over people…[and] is physically imposing and has one of the deepest and loudest voices." *Id.* ¶ 55. But that comment on its face does not indicate sex-based animus. And Hampton fails to connect that comment to the ultimate termination decision, nor does he allege that the person making the comment was a decisionmaker. *See In re Architect of Capitol Emp. Disp.*, No. 23-cv-2334 (TNM), 2024 WL

3359515, at *3 (D.D.C. July 10, 2024).  Thus, it is insufficient to support Hampton's claim.  *See Montgomery v. McDonough*, 682 F. Supp. 3d 1, 11 (D.D.C. 2023).

The defendant further argues Hampton failed to exhaust his color-based discrimination claim.  Mot. to Dismiss at 7, Dkt. 13.  Hampton responds that because he exhausted his race-based claim, he also exhausted his color-based claim.  The parties debate a distinction without a difference.

"Although not defined in the statute, Title VII claims based on color have been interpreted by the courts as relating to the complexion of one's skin." *Howard v. D.C. Pub. Sch.*, 501 F. Supp. 2d 116, 121 n.15 (D.D.C. 2007).  But "[c]olor may be a rare claim, because color is usually mixed with or subordinated to claims of race discrimination." *Felix v. Marquez*, No. 78-2314 (JHP), 1980 WL 242, at *1 (D.D.C. Sept. 11, 1980).  "Color discrimination is therefore not limited to differences in skin color within persons of the same race." *Daughtry v. kmG Hauling, Inc.*, No. 20-3361 (TJK), 2021 WL 407868, at *5 (D.D.C. Sep. 8, 2021).  When a plaintiff "does not make any arguments based on complexion of [his] skin color, but rather argues race discrimination," *Howard*, 501 F. Supp. 2d at 121 n.15, courts treat the claim as identical to the plaintiff's race-based claim, *see id.; Rodriguez v. WMATA*, No. 19-3710 (JEB), 2021 WL 3722729, at *5 (D.D.C. Aug. 23, 2021); *Gordon v. Off. of the Architect of the Capitol*, 750 F. Supp. 2d 82, 88 n.3 (D.D.C. 2010).

Here, Hampton does not allege he was treated differently than other black coworkers based on his skin tone. His color-based discrimination claim is identical to his race-based discrimination claim.  Thus, the Court will construe the two claims as one and deny the defendant's motion to dismiss the race-and-color-based discrimination claim.

Finally, Hampton does plead facts sufficient to support his disparate compensation claim. Hampton alleges the Department paid white regional solicitors a higher bonus, despite his performing at an equal or higher rate than those employees. Am. Compl. ¶ 97. The Department argues for dismissal because Hampton did not allege those other employees were nearly identical to him in all relevant aspects. Mot. to Dismiss at 13; Reply at 7, Dkt. 16. But at the motion to dismiss stage, the plaintiff does not need to "plead specifics about comparators." *Harrington v. Pompeo*, No. 18-cv-1056 (TSC), 2020 WL 5816217, at *4 (D.D.C. Sep. 30, 2020); *see also Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000). Hampton alleges that white employees occupying his same job position received higher bonuses, even though he had accomplished more and won larger judgments in court. Am. Compl. ¶ 97. At this stage, that is enough to support an inference that the Department reduced his bonus due to discriminatory intent.

Accordingly, it is

**ORDERED** that the defendant's motion to dismiss, Dkt. 13, is **GRANTED IN PART** and **DENIED IN PART.** The plaintiff's sex-based discrimination claim is **DISMISSED** for failure to state a claim. The plaintiff's remaining claims can proceed. It is further

**ORDERED** that the defendant shall answer the plaintiff's Amended Complaint, Dkt. 9, on or before December 16, 2024.

**SO ORDERED.**

_____
DABNEY L. FRIEDRICH
United States District Judge

December 2, 2024