UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| OSCAR L. HAMPTON, III,<br><br>Plaintiff,<br><br>v.<br><br>LORI CHAVEZ-DEREMER,[1] Secretary of the United States Department of Labor,<br><br>Defendant. | Civil Action No. 23-3338 (DLF) |

**JOINT LOCAL RULE 16.3 REPORT**

Pursuant to the Court's December 1, 2025 Minute Order, Local Civil Rule 16.3, and Federal Rule of Civil Procedure 26(f), counsel for the parties conferred and respectfully submit the following:

**I.        Short Statement of the Facts Concerning the Case.**

The parties' respective statements of the case are provided separately below:

**A.        Plaintiff's Statement:**

Plaintiff, Oscar L. Hampton, III, was the long serving and high performing Regional Solicitor for the Defendant, the U.S. Department of Labor (DOL), whose accomplishments include winning the highest jury verdict in DOL's history. Nonetheless, Defendant discriminated against Mr. Hampton due to his race, color, and because of his complaints of discrimination against himself and others, including removing him from his position, making false allegations of misconduct against him, and ultimately terminating him. The evidence in this case will include

---

[1]        Secretary of Labor, Lori Chavez-DeRemer is automatically substitutes as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

1

direct evidence of discriminatory statements; the sworn testimony of numerous employees about the discrimination they had observed against Plaintiff and other attorneys of color; and evidence that Defendant's stated reasons for terminating Plaintiff are false and/or pretextual, and that Defendant knew and/or should have known the same.

**B.      Defendant's Statement**:

Defendant Lori Chavez-DeRemer, in her capacity as Secretary of the Department of Labor (the "Department"), denies each of Plaintiff's claims that the Department violated Title VII of the Civil Rights Act in the course of Plaintiff's employment. The Department did not subject Plaintiff to discrimination or retaliation based on his race, color, or protected activity in connection with the Department's decision to investigate Plaintiff's misuse of his government travel card and Plaintiff's misconduct toward other Department employees; the bonus awarded to Plaintiff in 2022; the November 2022 and June 2023 notices of detail and no-contact orders issued to Plaintiff; the Department's June 2023 proposal to remove Plaintiff from federal service, and the Department's September 2023 decision to terminate Plaintiff from federal service. Each of the Department's employment actions were motivated by legitimate, non-discriminatory, non-retaliatory reasons. Plaintiff is not entitled to the relief he requests in the Amended Complaint, or to any relief whatsoever.

**II.**     <u>**Local Civil Rule 16.3(c) Issues.**</u>

*(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

No dispositive motion is currently pending. Defendant believes that all, or at the very least some, of the claims and/or protected bases at issue in this litigation can be resolved through post-discovery summary judgment motions. Plaintiff will oppose any such motion filed by Defendant. The parties propose that any schedule for summary judgment briefing be entered at a post-discovery conference.

Plaintiff does not believe that this matter can be resolved on a dispositive motion, because even in the light most favorable to Defendant there are numerous disputes of material facts in the case, including regarding witness credibility, and whether Defendant's proffered reasons re pretext for discrimination.

*(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

While the parties to do not currently anticipate the need for joinder or of amendments to the pleadings, the parties agree that any amendments of the pleadings or joinder of parties shall be due no later than February 13, 2025. The parties reserve their rights to oppose any motion to amend pleadings in accordance with Fed. R. Civ. P. 15.

*(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The parties do not agree that this matter should be assigned to a magistrate judge.

**(4) Whether there is a realistic possibility of settling the case.**

At this stage in the litigation, the parties do not believe a settlement is currently feasible. Nonetheless, the parties will continue assessing the possibility of settlement as discovery progresses.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties participated in the Court's ADR process and were unable to resolve this matter at this time. The parties will continue assessing the possibility of settlement as discovery progresses.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Defendant believes that all, or at the very least some, of the claims and/or protected bases in this litigation can be resolved through post-discovery summary judgment motions. Plaintiff disagrees that summary judgment would be warranted in this case, as discussed above. The parties propose that any schedule for summary judgment briefing be entered at a post-discovery conference.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties do not wish to dispense with Rule 26(a)(1) initial disclosures nor make any changes to the scope, form, or timing of those disclosure except as set forth in the proposed schedule below.

**(8) The anticipated extent of discovery; how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date**

***for the completion of discovery, including answers to interrogatories, document production, requests for admissions, and depositions.***

The parties propose the following discovery deadlines:

- Initial Disclosures: January 13, 2026
- Proponent's Expert Reports: August 13, 2026
- Rebuttal Expert Reports: September 10, 2026
- Discovery Close: October 30, 2026
- Post-Discovery Conference: November 2, 2026 (or a date thereafter as the Court is available)

The parties propose the following discovery limitations:
- Interrogatories: no more than 25 per side in accordance with Fed. R. Civ. P. 33(a)
- Requests for admission: no more than 25 per side

The parties are continuing to confer regarding the scope and number of document requests and number of depositions and will be aided in these discussions by the parties' forthcoming initial disclosures.

***(9) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.***

**<u>Proposed Clawback Agreement</u>**: By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity. A party shall promptly return to a producing party any material that the producing party identifies as privileged material that has inadvertently been produced in this action.

The parties agree that document productions will generally occur in PDF format, with the exception of spreadsheets and other documents not easily convertible to PDF, which will be produced natively. Plaintiff has requested that PDFs be produced with native data preserved, and Defendant will make every effort to meet this request, based on the availability of e-discovery resources and staffing.

The parties have met and conferred regarding discovery and document production, including initial discussions regarding document requests already served by Plaintiff pursuant to Fed. R. Civ. P. 26(d)(2). Should the parties not be able to resolve any disputes regarding discovery, the parties will raise the matter with the Court.

> **(10)    Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties anticipate the need to file a Joint Motion for a Privacy Act Protective Order and will seek such relief from the Court at the appropriate time. In addition, Defendant anticipates that certain materials sought by Plaintiff, who was an attorney with the Department, may consist of privileged materials or work product generated in the course of Plaintiff's work on the *East Penn* litigation referenced in the Complaint and other matters in which Plaintiff served as counsel for the Department of Labor. Defendant will work with Plaintiff to discuss appropriate measures to maintain the Department's privilege protections for such material and, if necessary, seek an appropriate order from the Court regarding such materials.

> **(11)    Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The parties anticipate exchanging expert reports and information in accordance with Fed. R. Civ. P. 26(a)(2) and have proposed a schedule above that includes deadlines for expert discovery.

> **(12)    In class actions, the appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision**.

Not applicable.

*(13)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The parties do not believe bifurcation of trial or discovery is necessary in this litigation.

*(14)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The parties propose that the Court defer setting a pretrial conference and subsequent dates

until after the Court has resolved any summary judgment motions.

*(15)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

Please see Response to Part II.14 above.

*(16)    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

The parties agree to provide a minimum of three business days' notice to the other party

before serving a subpoena on non-parties pursuant to Fed. R. Civ. P. 45(a)(4).


Dated: December 12, 2025                         Respectfully Submitted,

JOSEPH, GREENWALD AND LAAKE,          JEANINE FERRIS PIRRO
PA                                                            United States Attorney

  */s/ Michal Shinnar*
Michal Shinnar                                       By: */s/ Tabitha Bartholomew*
DC USDC No. MD0033                           TABITHA BARTHOLOMEW,
Senior Counsel                                         D.C. Bar #1044448
Joseph Greenwald & Laake, PA               Assistant United States Attorney
MShinnar@jgllaw.com                            601 D Street, NW
                                                              Washington, D.C. 20530
Jay P. Holland                                        Telephone: (202) 252-2529
DC USDC Bar. No. 422258                     E-mail: Tabitha.Bartholomew@usdoj.gov
Partner
Joseph Greenwald & Laake, PA               *Attorneys for the United States of America*
JHolland@JGLLAW.com

6404 Ivy Lane, Suite 400

Greenbelt, MD 20770
Tel. 301.220.2200
Fax. 301.220.1214
*Attorneys for Plaintiff*